|  |  |
|---|---|
| SHANE MATHIS, *individually and on behalf of all others similarly situated*, | ) ) ) |
| Plaintiff, | ) Case No. ) |
| v. | ) Class Action Complaint ) |
| LENDMARK FINANCIAL SERVICES, LLC | ) Jury Trial Demanded ) |
| Defendant. | ) ) |

## INTRODUCTION

1. The Servicemembers Civil Relief Act, 50 U.S.C. § 3901 *et seq.* ("SCRA") entitles qualifying active duty servicemembers to receive from their lenders – upon written request – a reduction of their annual interest rates to 6%. This rate reduction is mandated by 50 U.S.C. § 3937.

2. Lendmark Financial Services provides loans in 20 states throughout the Southeast and Mid-Atlantic. It targets the military by establishing many of its storefronts near large military bases.

3. Mr. Mathis, on active duty in the United States Navy, invoked his entitlement to the SCRA rate reduction by requesting that Lendmark reduce the 18.35% annual interest rate on his loan to 6%. Lendmark rejected this request. Mr. Mathis then obtained undersigned counsel, who reiterated that request and included a copy of his military orders. Lendmark again rejected the request.

4. Lendmark's treatment of Mr. Mathis reflects a policy and practice of rejecting valid SCRA interest rate reduction requests.

5. This class action seeks injunctive, declaratory, and monetary relief on behalf of all servicemembers harmed by Lendmark's SCRA violations.

## PARTIES

6. Shane Mathis is an adult who is a resident of Onslow County, North Carolina.

7. Lendmark Financial Services, LLC is a limited liability corporation with a principal place of business at 2118 Usher Street, Covington, GA 30014-2434. It is a consumer finance company specializing in a variety of lending and other financial services with 320 branches in 20 states throughout the Southeast and Mid-Atlantic. Lendmark acquired Green Cap Financial, LLC on September 30, 2014.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this action under N.C. Gen. Stat. § 7A-240.

9. This Court has personal jurisdiction under N.C. Gen. Stat. § 1-75.4 because Lendmark enters into loan contracts here, including Plaintiff's loan agreement; causes injury here; and Plaintiff resides here.

10. Venue is appropriate in this county because Plaintiff resides here, Lendmark does business here, and Plaintiff suffered harm here based on Lendmark's tortious conduct.

2

## APPLICABLE LAW

11. Congress enacted the Servicemembers Civil Relief Act in the interests of national security to enable servicemembers "to devote their entire energy to the defense needs of the Nation." 50 U.S.C. § 3902; *see also Gordon v. Pete's Auto Serv. of Denbigh, Inc.*, 637 F.3d 454, 458 (4th Cir. 2011) ("We are mindful that the SCRA—like its predecessors—must be read with an eye friendly to those who dropped their affairs to answer their country's call.")

12. To achieve this goal, Congress prescribed a maximum 6% interest rate for any obligation or liability incurred prior to a servicemember's period of military service. 50 U.S.C. § 3937. A violation of the Act leads to civil and criminal liability.

## FACTS PERTINENT TO SHANE MATHIS

13. Lendmark is a lender with 320 branches in 20 states, with many of those branches near large military bases.

14. On November 18, 2011, Shane Mathis purchased a 2004 Jeep Liberty through a loan from Green Cap Financial, LLC.

15. Green Cap loaned Mr. Mathis $8,636.33 at an annual interest rate of 18.35%. This loan required Mr. Mathis to make 36 payments of $315.99, and Mr. Mathis made regular payments in accordance with the payment schedule.

16. On September 25, 2012, Mr. Mathis enlisted in the United States Navy for a period of 8 years— 4 years of active duty and 4 years of reserve duty.

17. On April 16, 2013, Mr. Mathis began active duty training.

18. In or about July 2013, after completing basic training in the United States Navy, Mr. Mathis wrote to Green Cap Financial, LLC requesting that his interest rate be reduced under the SCRA. Green Cap wrongfully denied the request, citing as an ostensible reason that he was not deployed.

19. Lendmark acquired Green Cap Financial, LLC on September 30, 2014, and in doing so became the creditor on Mr. Mathis's loan.

20. On February 19, 2015, Mr. Mathis wrote to Lendmark requesting the rate reduction under the SCRA and included a copy of his military orders. Lendmark also denied his request.

21. On March 18, 2015, undersigned counsel, John Hafemann, sent a formal written demand for relief under the SCRA pursuant to 50 U.S.C. § 3937(b)(1). Lendmark again denied the request.

22. Lendmark has refused to comply with the SCRA despite direct and specific requests for relief under the SCRA.

23. Lendmark's SCRA violations have caused Mr. Mathis to suffer damages that include, among others, payments toward an inflated debt that has not been reamortized, loss of purchasing power, damage to credit score, inability to secure financing, and other incidental costs.

CLASS ALLEGATIONS

24. This action is brought on behalf of all servicemembers who, since November 17, 2011:

4

obtained a loan from Green Cap or Lendmark prior to entering military service;

while on active duty made a written request of Green Cap or Lendmark that their loan be reduced to 6%; and

Green Cap or Lendmark refused to reduce the loan to a 6% annual rate.

25. Based on Lendmark's size, there are likely thousands of Class members, making joinder of all members impracticable. The exact size of the proposed Class and the identity of the Class members are readily ascertainable from Lendmark's business records.

26. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal common issues regarding the class include: whether Lendmark improperly rejected qualified servicemembers' written requests for an interest rate reduction to 6% per the SCRA; whether such refusals to honor interest rate reduction requests violated 50 U.S.C. § 3937; and whether Lendmark's imposition of excessive interest rates entitles servicemembers to actual damages, equitable relief, declaratory relief, attorneys' fees, costs, and punitive damages under 50 U.S.C. §§ 4042-43.

27. There are no difficulties likely to be encountered by the Court in the management of this proposed class action, as Lendmark had the same policy of denying class members a reduction in interest under the SCRA purportedly owed to them. There are no individual questions, other than those which can be determined by the ministerial inspection of Lendmark's business records, and the issues of liability are readily determinable from Lendmark's records.

5

28. Mr. Mathis's claims are typical of those of the Class he seeks to represent, and he will fairly and adequately protect and represent the interests of the Class. There is no conflict between the named Plaintiff and the proposed Class.

29. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual Class members may be relatively small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for Class members to seek redress individually. Finally, the prosecution of separate actions by the individual Class members, even if possible, would create a risk of inconsistent or varying adjudications regarding the individual Class members against Lendmark.

30. Mr. Mathis is represented by counsel competent and experienced in both consumer protection and class action litigation.

## CAUSE OF ACTION

### VIOLATIONS OF THE SERVICEMEMBERS CIVIL RELIEF ACT
### (50 U.S.C. § 3937)

31. Mr. Mathis is a servicemember engaged in military service under 50 U.S.C. § 3911(1), (2) because he enlisted in the United States Navy and began active duty on April 16, 2013.

32. Mr. Mathis had an "obligation" or "liability" bearing an interest rate in excess of 6 percent incurred prior to military service under 50 U.S.C. § 3937(a) because he took out a personal loan with Green Cap on November 18, 2011, bearing an annual interest rate of 18.35%.

6

33. Mr. Mathis provided written notice to Green Cap, and twice later to its acquirer, Lendmark, under 50 U.S.C. § 3937(b) while he was on active duty. On February 19, 2015, Mr. Mathis wrote Lendmark requesting the SCRA rate reduction. On March 18, 2015, Mr. Mathis's attorney sent a formal written demand for relief under the SCRA. Both requests were denied.

34. Upon receipt of Mr. Mathis's written notice, Lendmark refused to reduce his interest rate to 6% during his military service, as mandated by 50 U.S.C. § 3937(a), (b)(2).

35. Lendmark's refusal to honor Mr. Mathis's request is consistent with a policy and practice of denying SCRA protection to qualifying servicemembers requesting the 6% reduction in interest rate.

36. Due to the conduct complained of, Lendmark is liable to Mr. Mathis and Class members under 50 U.S.C. §§ 4042-43 for monetary damages including but not limited to the difference between the amounts paid and the amounts that should have been paid at 6%, the reamortization of the affected loans, equitable relief, declaratory relief, costs and attorneys' fees, punitive damages, and any other appropriate relief.

## REQUEST FOR RELIEF

WHEREFORE, Mr. Mathis, individually and on behalf of all Class members, requests that the Court enter judgment in their favor and against Lendmark as follows:

1. Certification of the proposed Class, including appointment of Plaintiff's counsel as Class Counsel;

7

2. A declaration that Defendant violated 50 U.S.C. § 3937 by refusing to honor Class members' rights to a reduction of their interest rates to 6%;

3. An order temporarily and permanently enjoining Defendant from continuing the unlawful SCRA practices alleged in this Complaint;

4. An award of actual damages, including the difference between the amounts paid and the amounts that should have been paid at 6%, and the reamortization of Class members' loans;

5. An award of costs and reasonable attorneys' fees pursuant to 50 U.S.C. § 4042;

6. An award of punitive damages;

7. An order requiring Defendant to pay both pre- and post-judgment interest on any amounts awarded; and

8. Such other or further relief as may be appropriate.

## DEMAND FOR JURY TRIAL

Mr. Mathis hereby demands a jury trial for all claims so triable.

DATED: August 29, 2016.

Respectfully submitted,

J. Matthew Norris
NC Bar No. 37206
Norris Law Firm, PLLC
P.O. Box 1318
Wake Forest, NC 27588
Main: (919) 981-4475
Direct: (919) 926-1678

8

John D. Hafeman
Military Justice Attorneys PLLC
219 Scott Street
Beaufort, South Carolina
(843) 463-6775
john@militaryjusticeattorneys.com

John Roddy (pro hac vice to be requested)
Elizabeth Ryan
Benjamin Lajoie
Bailey Glasser LLP
99 High Street, Suite 304
Boston, MA 02110
(617) 439-6730 (phone)
(617) 951-3954 (fax)
eryan@baileyglasser.com
jroddy@baileyglasser.com
blajoie@baileyglasser.com

R. Paul Hart
Jeremy S. McKenzie
Karsman, McKenzie & Hart
21 W Park Ave
Savannah, GA 31401
(912) 335- 4977
paul@kmtrial.com
jeremy@kmtrial.com

9

| STATE OF NORTH CAROLINA | | File No. 16 CVS 3367 |
|---|---|---|
| ONSLOW County | | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

| Name Of Plaintiff | |
|---|---|
| Shane Mathis | |
| Address | **CIVIL SUMMONS** |
| P.O. Box 1318 | ☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| City, State, Zip | |
| Wake Forest   NC   27588 | G.S. 1A-1, Rules 3, 4 |
| **VERSUS** | |
| Name Of Defendant(s) | Date Original Summons Issued |
| Lendmark Financial Services, LLC | |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Lendmark Financial Services, LLC | |
| c/o CT Corporation System | |
| 150 Fayetteville St., Box 1011 | |
| Raleigh   NC   27601-2957 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | ☐ AM |
|---|---|---|---|
| J. Matthew Norris | 9.1.16 | 4:28 | ☒ PM |
| Norris Law Firm, PLLC | Signature | | |
| P.O. Box 1318 | _Miriam Maley_ | | |
| Wake Forest   NC   27588 | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time | ☐ AM |
|---|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | | ☐ PM |
| | Signature | | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 6/11   (Over)
© 2011 Administrative Office of the Courts

Case 7:16-cv-00355-FL   Document 1-1   Filed 10/18/16   Page 10 of 10